Opinion of the Court, by
Judge Owsley.
THIS is an action on the case, brought by Bond, for the speaking of slanderous words of him by Samuel. The words charged in the declaration are, “Bond is a thief; he has stolen corn.” Verdict and judgment for Bond; whereupon Samuel prayed and obtained an appeal to this court.
The following errors are assigned in this cause: 1st, The court below erred in sustaining the motion of Bond to reject the plea offered by Samuel, and in rejecting the said plea; and 2dly, the said court erred in sustaining the motion of Bond to reject the evidence offered by Samuel, for the purpose of repelling the testimony previously given on the same point, as stated in the bill of exceptions.
The plea which was offered and rejected by the court, is as follows, viz. “The defendant for further plea in this behalf says, that the plaintiff aforesaid his action ought not to have and maintain; because, he says, the said plaintiff is a thief, and this he is ready to verify,” &c. This plea is evidently defective. By it the plaintiff in the court below was not apprised sufficiently of the defence intended to be relied on by the defendant, to enable him to meet it. To make this plea a good justification, the defendant in the court below should have confessed the speaking of the words, and alleged the plaintiff was guilty of a felony of that species mentioned in the declaration, and specify the nature of it. 1 Saund. 243, n. 6; 2 Chitty on Plead. 503.
This cause was tried on the issue of “not guilty within one year.” The plaintiff in the court below, after proving the speaking of the words charged in the introduced a witness, who proved the de *159 fendant had given him, the plaintiff, liberty to go to his corn-house and take corn in his absence. To repel this evidence, the defendant introduced a witness, to prove that he had heard the plaintiff say, shortly after the defendant caught him in his corn-house, that he, the plaintiff, had gone to the defendant’s in his absence from home, and, without permission, was getting corn, when the defendant returned home and drove him out. This evidence, offered by the defendant, was objected to by the plaintiff, and rejected by the court. The evidence would have been admissible in support of a special plea of justification; but it is certainly inadmissible on the issue joined in this cause. In actions for words, the defendant cannot, under the general issue, give in evidence the truth of the words, even in mitigation of damages, but must justify specially. 2 Chitty on Plead. 487, and the authorities there cited. But it is urged, that the evidence is admissible to repel the evidence offered by the plaintiff. It certainly could not repel any legal and competent evidence introduced on the part of the plaintiff; and it should not have been admitted to repel illegal evidence. If such evidence was offered by the plaintiff, it should have been objected to on the part of the defendant. That not having been done, he should not be permitted to consume the time of the court, and embarrass the jury, by a lengthy examination of witnesses to points not in issue between the parties, by the production of illegal and incompetent evidence.
We think, therefore, the court decided correctly in rejecting the evidence offered by the defendant in the court below.
Judgment affirmed with costs and damages.